GLOBAL INTERNATIONAL AIRWAYS
CORP. and American Trans Air,
Inc., Plaintiffs,

v.

The PORT AUTHORITY OF NEW
YORK AND NEW JERSEY, et
al., Defendants.

No. 83 Civ. 4023.

United States District Court,
S.D. New York.

June 10, 1983.

Barrett, Smith, Schapiro, Simon & Armstrong, New York City, for plaintiffs; William C. Clarke, Robert C. Macek, New York City, of counsel.

Patrick J. Fadney, Gen. Counsel, The Port Authority of New York and New Jersey, for defendants; Arthur P. Berg, Milton B. Pachter, New York City, of counsel.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for plaintiff-intervenors; Franklin H. Stone, Asst. U.S. Atty., New York City, and Kenneth Weinstein, U.S. Dept. of Transp., Washington, D.C., of counsel.

MILTON POLLACK, District Judge.

DECISION OF THE COURT:

The Port Authority has enacted regulations designed to reduce airplane noise at the airports under its control. One such rule, entitled The 1983 Interim Rule, 520/0–00 applies uniformly to domestic-route and foreign-route carriers who use the Port Authority facilities. It states: "Effective January 1, 1983, the operators of subsonic jet airplanes exceeding 75,000 pounds in maximum certificated takeoff weight shall conduct airplane movements at a Port Authority airport so that the percentage of movements by their noise-compliant airplanes in each calendar quarter of such airport shall be equal to or greater than 75 percent for four-engine airplanes, 100 percent for three-engine airplanes, and 50 percent for two-engine airplanes."

The federal statute dealing with the phase-out of these subsonic airplanes that are involved here, with exceptions not here relevant, states: "On and after January 1, 1985, no person may operate to or from an airport in the United States any subsonic airplane covered by this subpart unless that airplane has been shown to comply with Stage 2 or Stage 3 noise levels under Part 36 of this chapter."

In the section dealing with the phased compliance under Parts 21 and 135 of subsonic airplanes, this is all spelled out to a further degree.

In the cases before the Court, the plaintiffs are charter carriers who operate on foreign routes and use Port Authority facilities at Newark and JFK. The components of their fleets are such that they do not satisfy the Port Authority's 1983 Interim Rule. They and approximately seventeen other carriers sought a waiver of the rule under 560/0–00, and such waiver was denied in all cases. The effect of the waiver process was to extend the implementation— or delay it, in any event—of The 1983 Interim Rule until July 20, 1983.

The application for preliminary injunction against the operation of The 1983 Interim Rule complains that it will cause those carriers irreparable harm, and they argue with the solid support of the government through its appropriate officials that the Port Authority's Interim Rule is invalid because it is preempted by federal legislation and regulation.

The plaintiffs have met the standards for the grant of a preliminary injunction, which in this circuit requires a showing of irreparable harm and either a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation, and a balance of hardships tipping decidedly toward the air carriers requesting the preliminary relief.

The pervasive nature of the scheme of federal regulation of aircraft noise has long been recognized by the Supreme Court in various cases. It expressly reserved judgment as to the extent of an airport proprietor's authority to limit aircraft noise at its facility in certain respects which do not

include the phase-out respects with which we are concerned. In consequence of the very clear statutory provisions and the equally clear regulation of the Port Authority, the two are in hopeless conflict, and the Port Authority's rules are preempted because they stand as an obstacle to the execution of Congressional and FAA objectives. By preventing the operation of aircraft that hold valid exemptions before the January 1, 1985 cutoff date, the Port Authority's rules interfere with the Congressional purposes underlying those exemptions.

In sum, with a conflict between the Port Authority's noise abatement restrictions and the express compliance schedule set out by federal law, and with the purposes and objectives of that law, it must be concluded that the Port Authority's restrictions are invalid and are preempted by law. A preliminary injunction is accordingly required and hereby granted to accomplish the purposes of the statutory scheme.

The foregoing shall constitute the findings of fact and conclusions of law required by Rule 52(a).

In view of the presence in the suit of the federal government, it seems inappropriate and unnecessary to require any bond in connection with the grant of this preliminary injunction. A decree accordingly may be submitted on notice forthwith.

So ordered.

This decision, of course, in the Global case, will carry equal applicability to the tag-along, similar cases filed by Zantop International Airlines, 83 Civ. 4307 (MP), and British Air Tours, Ltd., 83 Civ. 4328 (MP), and, necessarily so, in connection with the complaint in intervention that was heretofore submitted to the Court in behalf of an additional interested party involved in these proceedings. So that the matter may not be unnecessarily cluttered up, the determination announced hereby may be incorporated in a single order granting the preliminary relief.

I believe that concludes the matter.