GLOBAL INTERNATIONAL AIRWAYS CORP., American Trans Air, Inc. and Zantop International Airlines, Inc., Plaintiffs-Petitioners,

and

U.S.A. et al., Plaintiffs-Intervenors-Appellees,

v.

The PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Alan Sagner, Robert F. Wagner, Joseph F. Cullman, Jerry Fitzgerald English, Lewis L. Gluckman, James G. Hellmuth, Philip D. Kaltenbacher, John G. McGoldrick, Kenneth D. McPherson, William J. Ronan and Robert V. Van Fossan, Defendants-Respondents.

ZANTOP INTERNATIONAL AIRLINES, INC., Plaintiff-Appellant,

v.

The PORT AUTHORITY OF NEW YORK AND NEW JERSEY, et al., Defendants-Appellees.

MINERVE, COMPAGNIE FRANCAISE DE TRANSPORTS AERIENS, S.A., Plaintiff-Appellant,

v.

The PORT AUTHORITY OF NEW YORK AND NEW JERSEY, et al., Defendants-Appellees.

No. 1646, Dockets 83–6167, 84–7215, 84–7217.

United States Court of Appeals, Second Circuit.

Submitted March 7, 1984.

Decided March 14, 1984.

William C. Clarke, New York City (Gerald A. Novack, Robert C. Macek, Frederic W. Parnon, John Sullivan, Barrett, Smith, Schapiro, Simon & Armstrong, New York City, for Global Intern. Airways Corp., Zantop Intern. Airlines, Inc., and Minerve, Compagnie Francaise de Transports Aeriens, S.A.

Arthur P. Berg, New York City (Patrick J. Falvey, Milton H. Pachter, Jay A. Selco, Port Authority of New York and New Jersey, New York City), for Port Authority of New York and New Jersey.

Before NEWMAN and WINTER, Circuit Judges, and MALETZ, Senior Judge.*

WINTER, Circuit Judge:

Before us are: (i) a motion for recall and clarification of the mandate in the previous appeal, *Global International Airways Corp. v. Port Authority*, 727 F.2d 246 (2nd Cir., 1984), or, alternatively, for injunctive relief pending the present appeal from the district court's denial of temporary and preliminary relief; (ii) a motion for an expedited appeal from that denial; and (iii) a petition for rehearing in the previous appeal.

Subsequent to our opinion of January 31, 1984, familiarity with which is assumed, but before issuance of the mandate, various parties took steps to preserve their respective positions. Minerve, Compagnie Francaise de Transports Aeriens, S.A. ("Minerve"), which was not a party to the original proceeding but was a beneficiary of the temporary relief granted in that proceeding by the district court, filed a complaint in the Southern District of New York challenging the Port Authority's Interim Rule. The appellees in the original appeal filed a petition for rehearing in this court, and the

Port Authority moved this panel for issuance of the mandate. We granted the latter motion, and the mandate issued on March 2.

Minerve and Zantop International Airlines, Inc. ("Zantop"), an appellee in the original appeal, then sought temporary and preliminary relief in the district court enjoining the Port Authority from enforcing its Interim Rule. Their arguments were based on the commerce clause and allegedly arbitrary and discriminatory administration of the Rule. Also asserted was a claim that an evidentiary hearing would reveal that the Interim Rule was operationally in conflict with the Fleet Compliance Program.

The district judge denied the relief requested by Minerve and Zantop. He did so not on the grounds that our opinion precluded such relief or even on the grounds that he deemed the requests meritless; rather, he expressed uncertainty as to exactly what issues we had resolved, as to what issues remained open for adjudication before him and as to why we had not resolved all of the issues Minerve and Zantop were now seeking to raise. He then denied the relief requested so as to create an opportunity for the parties to appeal and to obtain clarification of our earlier ruling.

1. *The Various Motions*

Clarification must begin with the original decision of the district judge, 564 F.Supp. 795 (S.D.N.Y.1983) made in response to the explicit claim that the Port Authority's regulations were "invalid on their face." Transcript of June 6, 1983 hearing at 3. In delivering that decision, which was before us in the first appeal, the district judge stated *inter alia:*

> [Y]ou have not supplied anything which calls for an evidentiary hearing on any factual matter. What I am confronted with here is whether the federal scheme of regulation regarding fleet composition designation.

---

* The Honorable Herbert N. Maletz of the United States Court of International Trade, sitting by

preempts the Port Authority's conflicting provisions.

\* \* \* \* \* \*

The application for preliminary injunction against the operation of [t]he 1983 Interim Rule complains ... that the Port Authority's Interim Rule is invalid because it is preempted by federal legislation and regulation.

\* \* \* \* \* \*

In consequence of the very clear statutory provisions and the equally clear regulation of the Port Authority, the two are in hopeless conflict, and the Port Authority's rules are preempted because they stand as an obstacle to the execution of Congressional and FAA objectives. By preventing the operation of aircraft that hold valid exemptions before the January 1, 1985 cutoff date, the Port Authority's rules interfere with the Congressional purposes underlying those exemptions.

In sum, with a conflict between the Port Authority's noise abatement restrictions and the express compliance schedule set out by federal law, and with the purposes and objectives of that law, it must be concluded that the Port Authority's restrictions are invalid and are preempted by law.

Transcript of June 10, 1983 hearing at 38–41.

On appeal we held that there was no facial conflict between the federal Fleet Compliance Program and the Interim Rule. We expressly stated that our decision was limited to the issue of facial preemption, the only question addressed by the district judge. At 248. We remanded for further proceedings and issued the mandate.

Minerve and Zantop then sought the relief at issue in the present proceedings. They argued that the Interim Rule: (i) unreasonably burdens commerce; (ii) discriminates against interstate and foreign commerce; (iii) is administered by the Port Authority in an arbitrary and discriminatory fashion; and (iv) is preempted because it can be shown in an evidentiary hearing to be an obstacle to the effectuation of the policies underlying the Fleet Compliance Program.

The district judge denied the application for relief. His thinking is reflected in the following statements:

... [S]o I went ahead and decided to enjoin the matter.

Then the case gets upstairs and all of a sudden it takes on a look of facial preemption, which is something that nobody argued to me, I don't think, and then down comes a decision in January 1984, the purport of which is now being debated. I just wonder why all of the things that are being presented now weren't presented to the Court of Appeals, and if presented to the Court of Appeals, why they aren't resolved by what was done.

I am mindful of the fact that the contentions made by the appellees regarding other challenges to the interim rule were not reached. But that doesn't tell me anything really. The challenge which was reached was whether an injunction should be weighed against the noise rule in the face of the existence of the noise rule and in the face of the argument that everything dates from 1976 under the Fleet Compliance Program and maybe even the future owner exemption. And here we are debating what was going through the judicial process in the Court of Appeals.

How can I decide anything about this without getting a clarification that could be obtained on condition of an immediate appeal—let's say tomorrow—to the bench that had the case on a priority basis, leaving it to the Court of Appeals to determine whether the arguments to be presented warrant the issuance of an injunction by the Court of Appeals in the interim, a temporary restraining order from the Court of Appeals. They have the authority. They are federal judges. They don't have to rely on the District Court to issue a temporary restraining order. If they want somebody to do it manually, they can tell me to do it, which is the same as doing it themselves.

\* \* : \* \* \*

And here I am in the posture of not knowing what it is that the Court of Appeals thinks they decided and left open with this elastic sentence about not reaching the other arguments of the appellees. I don't get that. I don't know what it is that they did reach if they didn't decide the other arguments of the appellees.

Transcript of March 6, 1984 hearing at 42–44.

■ We repeat what we said in our earlier opinion. The sole issue resolved was whether the Interim Rule was facially in conflict with the federal Fleet Compliance Program. At 248. We concluded it was not. *Id.* We left open, as we had to, the issue of whether a carrier might be able to make a factual showing that the Interim Rule was preempted because it actually operated to impede effectuation of the federal policies reflected in the Fleet Compliance Program. *Id.* at 252. We noted that that Program's goal of gradual and measured change in fleet composition toward quieter aircraft did not preclude local airport proprietors from adopting noise regulations affecting carriers which had purchased Stage 1 aircraft after promulgation of the Program. *Id.* Our consideration was thus limited to the sole question decided by the district court. We did not consider other claims based on the commerce clause and alleging arbitrary or discriminatory administration of the Interim Rule since they had not been afforded a hearing or decision by the district court.[1] Nor did we suggest that carriers purchasing Stage 1 aircraft after promulgation of the Fleet Compliance Program were absolutely barred from challenging the Interim Rule. The opinion's discussion of such purchases

was expressly limited to the contention that the Interim Rule was preempted because it might affect the use of such newly purchased aircraft even though the Program did not.

We trust that this review of prior proceedings adequately clarifies the present posture of this litigation. We assume that the district judge, having been so apprised, will act promptly to ask for a remand of the present appeal from his March 6 denial of a preliminary injunction. Such a request will be promptly granted. In anticipation of such a remand, we will continue in effect our stay against enforcement of the Interim Rule until seven days after jurisdiction over the preliminary injunction claims has been reacquired by the district court. If a remand is not promptly accomplished, any party may apply to this court for further relief.

■ We hasten to add that we have not considered the merits of the claims now asserted by Minerve and Zantop and express no opinion on them. We say only that to the extent that they assert grounds other than facial preemption, they were not resolved by our prior opinion. The appropriateness of further preliminary relief pending adjudication of these claims is for the district court to determine in the first instance according to the usual standards applicable to requests for such relief.

## 2. *The Petition for Rehearing*

■ We have considered the carriers' claim that Congress and/or the FAA have adopted a policy precluding local airport proprietors from enacting noise regulations affecting Stage 1 aircraft purchased by carriers after promulgation of the Fleet Compliance Program. We have considered

---

1. At the March 6, 1984 hearing, counsel for the Port Authority argued to the district court that our prior opinion had "certainly found that you could have a rule that allowed some Stage 1 aircraft of certain carriers to fly and other Stage 1 aircraft of other carriers not to fly." If counsel meant by that comment that we had considered and rejected all of the discrimination claims now sought to be presented to the district court, he was mistaken. We had been urged to hold that the Interim Rule was not a bona fide regulation of noise and for that reason was beyond the local regulatory power of the Port Authority because the Rule distinguished among Stage 1 aircraft of the various carriers. We rejected the argument that this distinction undermined the noise-reducing potential of the Rule, and we therefore rejected this basis for claiming facial preemption of the Rule. We did not decide, and had no factual basis for deciding, whether the Rule, as applied, creates an unlawful discrimination.

the materials cited and conclude they are inapposite. We note further that a policy mandating gradual change to quieter aircraft for some carriers in advance of the date fixed for the complete change in fleet composition for all carriers by no means implies that carriers subject only to the final date have a federally protected right to increase the interim cumulative noise they cause by using aircraft discarded by carriers subject to gradual change. To the contrary, that result would be inconsistent with the federal goal of a gradual decrease in cumulative noise. We deny the petition for rehearing.

### 3. *Conclusion*

The motion for recall and clarification of the mandate is denied in light of the foregoing discussion. The motion for injunctive relief pending appeal is granted to the limited extent previously indicated in the anticipation of a prompt request for remand by the district court. The motion for an expedited appeal, which may well become moot, need not be decided at this time. The petition for rehearing is denied.